J.S45042/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
          Appellee :
:
       v. :
:
ALBERT TROCHE, JR., :
:
         Appellant : No. 362 MDA 2015

Appeal from the PCRA Order February 5, 2015
In the Court of Common Pleas of Berks County
Criminal Division No(s).: CP-06-CR-0002322-2007
CP-06-CR-0002688-2007

BEFORE: BOWES, WECHT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED AUGUST 21, 2015**

Appellant, Albert Troche, Jr., appeals *pro se* from the order entered in

the Berks County Court of Common Pleas dismissing his second petition for

relief filed pursuant to the Post Conviction Relief Act[1] ("PCRA") as untimely.[2]

We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note this is the third PCRA petition Appellant filed after his conviction. However, because his previous petition was summarily dismissed because his first petition was pending, we will address it as a second PCRA petition. **See Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (holding subsequent PCRA petition cannot be filed until resolution of review of pending PCRA petition by highest state court in which review is sought, or upon expiration of time for seeking such review).

We adopt this Court's recitation of facts from Appellant's direct appeal. *See Commonwealth v. Troche*, 1512 & 1513 MDA 2009 (unpublished memorandum at 1-2) (Pa. Super. filed Sept. 14, 2010). On August 19, 2009, a jury found Appellant guilty of one count of delivery of a controlled substance,[3] one count of possession with intent to deliver cocaine[4] and two counts of possession with intent to deliver marijuana.[5] On the same day, he was sentenced to an aggregate twelve years and one month to fifty years' incarceration in a state correctional facility. Appellant appealed, challenging the discretionary aspects of his sentence, and on September 14, 2010, this Court affirmed his convictions. *Troche*, 1512 & 1513 MDA 2009, at 6. Appellant did not seek allowance of appeal in the Pennsylvania Supreme Court.

Appellant timely filed his first *pro se* PCRA petition on January 24, 2011. On January 28th, the PCRA court appointed counsel, who filed a *Turner/Finley*[6] no merit letter and petition for leave of court to withdraw as counsel on March 12, 2013. The court issued a Pa.R.Crim.P. 907 notice and granted counsel leave to withdraw on May 23, 2013. On June 27, 2013, the

---

[3] 35 P.S. § 780-113(a)(16).

[4] 35 P.S. § 780-113(a)(30).

[5] 35 P.S. § 780-113(a)(30).

[6] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)(*en banc*).

court denied Appellant's first petition. This Court affirmed the denial of relief on March 5, 2014. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on October 7, 2014.[7] **Commonwealth v. Troche**, 1210 & 1211 MDA 2015 (unpublished memorandum) (Pa. Super.), *appeal denied*, 381 & 382 MAL 2014 (Pa. Oct. 7, 2014).

On October 23, 2014, the PCRA court received Appellant's second *pro se* PCRA petition, which gives rise to this appeal.[8] On January 22, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice to dismiss the petition without a hearing. Appellant responded to this notice on January 29, 2015.[9] The following day, the PCRA court formally dismissed his second PCRA petition as untimely.[10]

---

[7] As noted above, Appellant attempted to file an additional PCRA petition while the appeal from his first PCRA petition was still pending, which the PCRA court properly dismissed as premature. **See Lark**, 746 A.2d at 588.

[8] We acknowledge the prisoner mailbox rule applies. **See Commonwealth v. Little**, 716 A.2d 1287, 1288 (Pa. Super. 1998). We cannot determine from the certified record when Appellant deposited the instant petition with prison officials, but note he dated the certificate of service October 21, 2014.

[9] Appellant's response included an envelope postmarked January 29, 2015.

[10] The PCRA court formally dismissed Appellant's second PCRA petition after Appellant replied to the Pa.R.Crim.P. 907 notice. This dismissal was before the twenty day response time lapsed; Appellant does not challenge this procedure as improper. **See Commonwealth v. Lawson**, 90 A.3d 1, 5 (Pa. Super. 2014) (holding defects in 907 waivable).

Appellant timely filed a notice of appeal on February 24, 2015. Appellant was ordered to file a Pa.R.A.P. 1925(b) statement and he timely complied. On March 12, 2015, the PCRA court filed a Rule 1925(a) opinion, adopting its previous order and notice of intent to dismiss.

Appellant raises the following issues for our review:

> 1. Whether the guideline sentence form prepared by the Commonwealth was incorrect in its calculation of prior record score under 204 Pa.Code § 303.7(f)?
>
> 2. Whether the sentence imposed was a manifest abuse of discretion?
>
> 3. Whether the Trial Court was [statutorily] barred from imposing its sentence?
>
> 4. Whether the Trial Court erred by double counting [Appellant's] sentence and improperly omitted its reason or reasons for the sentence imposed on the guideline form?
>
> 5. Did counsel cause irreparable harm in the matters of the this case, denying [A]ppellant the assistance of competent counsel for failure to raise substantial questions for review?

Appellant's Brief at 4.[11]

As suggested by his questions presented, Appellant principally challenges the propriety of his sentence. Specifically, Appellant contends the trial court imposed an illegal sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151

---

[11] Appellant has also filed a motion for extension of time to file a reply brief. We grant the motion and accept his reply brief.

(2013), because the court was not statutorily authorized to impose his sentence without first submitting it to the jury. *Id.* at 13. He asserts his sentence is illegal because "[t]he sentence guideline prepared by the Commonwealth is in error[,] [t]he [t]rial [c]ourt['s] sentence is a manifest abuse of discretion[,] [t]he [t]rial [c]ourt double counted [A]ppellant['s] prior record score and improperly omitted its reason for the sentence imposed. *Id.* at 7. Furthermore, he states "[h]e was denied the assistance of competent counsel guaranteed by the United States and Pennsylvania Constitution" because prior counsel failed to raise meritorious sentencing claims. *Id.* at 18. As to the timeliness of the underlying petition, he avers the legality of his sentence can never be waived or subject to PCRA time limits. *Id.* at 7.

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (citations omitted).

We must first consider whether the PCRA court had jurisdiction to entertain the underlying PCRA petition.

> [W]e observe that the timeliness of a PCRA petition is a jurisdictional requisite. "Jurisdictional time limits go to court's right or competency to adjudicate a controversy." Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The PCRA now requires a

- 5 -

petition, including second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1)[.] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution of laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of the petitioner's PCRA claims."

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise

of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.

The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could have been first presented. *See* 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit related to Section 9545(b)(2) runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter. "A petitioner fails to satisfy the 60-day requirement of Section 9545(b) if he . . . fails to explain why, with the exercise of due diligence, the claim could not have been **filed** earlier." All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed.

*Commonwealth v. Williams*, 35 A.3d 44, 52-53 (Pa. Super. 2011) (some citations omitted).

In the instant case, Appellant was sentenced on August 19, 2009. This Court affirmed the judgment of sentence on September 14, 2010. Appellant had thirty days from that date, or until October 14, 2010, to petition the Pennsylvania Supreme Court for allowance of appeal but did not pursue his direct appeal in the Supreme Court. *See* Pa.R.A.P. 1113(a). Therefore, Appellant's judgment of sentence became final on that date, and he had one year therefrom, or until October 14, 2011, to file a facially timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3). As stated above, the instant PCRA petition was filed on October 23, 2014, and therefore was untimely on

- 7 -

its face. Thus, Appellant bore the burden of pleading and proving a timeliness exception to the PCRA time bar. *See* 42 Pa.C.S. § 9545(b).

Appellant contends his legality of sentence claims are "nonwaivable." However, our Supreme Court held in **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999), that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." Therefore, Appellant's assertion fails to establish a timeliness exception.

Instantly, Appellant does not expressly assert a time-bar exception under 42 Pa.C.S. § 9545(b)(1)(i), (ii), or (iii). To the extent Appellant refers to **Alleyne**,[12] this Court has held **Alleyne** does not provide an exception to the PCRA time bar. **See Commonwealth v. Miller**, 102 A.3d 988, 994 (Pa. Super. 2014).[13] Specifically, the **Miller** court opined:

> Subsection (iii) of Section 9545[(b)(1)] has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Supreme Court of Pennsylvania] after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. The language "has been held" is in the present tense. These words mean that the action has already occurred, *i.e.*, "that court" has already

---

[12] Although Appellant cites to **Alleyne**, he did not frame **Alleyne** as an exception to the PCRA timeliness requirements in his brief.

[13] **See also Commonwealth v. Riggle**, 1112 MDA 2014, 2015 WL 4094427, at *3-6 (Pa. Super. Jul. 7, 2015).

held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

\* \* \*

Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that Alleyne is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [an] argument regarding the PCRA time-bar.

*Id.*

Thus, Appellant fails to establish any of the three timeliness exceptions pursuant to 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Because Appellant has not established jurisdiction under the PCRA, we may not consider the merits of his remaining claims. As we discern no abuse of discretion or error of law by the PCRA court, we affirm.

Order affirmed. Appellant's motion for extension of time to file a reply a brief granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2015

- 9 -